10-2788-ag
Gong v. Holder

BIA
Nelson, IJ
A088 775 825

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of November, two thousand eleven.

PRESENT:
> RALPH K. WINTER,
> REENA RAGGI,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

HAI LIN GONG
> *Petitioner,*

> v.                                          10-2788-ag
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:     Ke-en Wang, New York, NY

FOR RESPONDENT:     Tony West, Assistant Attorney General; Michelle G. Latour, Assistant Director, Nairi S. Gruzenski, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Hai Lin Gong, a native and citizen of the People's Republic of China, seeks review of the June 17, 2010 order of the BIA affirming the September 12, 2008, decision of Immigration Judge ("IJ") Barbara A. Nelson denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hai Lin Gong*, No. A088 775 825 (B.I.A. June 17, 2010), *aff'g* No. A088 775 825 (Immig. Ct. N.Y. City Sept. 12, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's opinions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).

As an initial matter, we dismiss the petition for review to the extent that Gong challenges the denial of his application for asylum. We do not have jurisdiction to

2

review the agency's pretermission of that application as untimely because Gong has not raised any constitutional claim or question of law regarding that ruling. *See* 8 U.S.C. § 1158(a)(3) (providing that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B)); *id.* § 1252(a)(2)(D) (providing that courts of appeals retain jurisdiction to review constitutional claims and questions of law); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 328-29 (2d Cir. 2006) (holding that a question of law is *not* implicated "when the petition for review essentially disputes the correctness of an IJ's fact-finding or the wisdom of his exercise of discretion").

We deny the remainder of Gong's petition. The agency's adverse credibility determination is based on substantial evidence given inconsistencies in Gong's testimony and inconsistencies between his testimony and his written application, as well as the IJ's demeanor finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that an adverse credibility determination may be based on "the consistency between the applicant's or witness's written and oral statements . . ., the internal consistency of each such statement, the consistency of such statements with other

3

evidence of record . . ., and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency . . . goes to the heart of the applicant's claim"). As the agency found, Gong's written application indicated that in China he worked as a construction worker from 1995 to 2005, and Gong testified on direct examination that he worked as a construction worker and that he only reached a level of education equivalent to the ninth grade in the United States. But he testified on cross-examination that he worked as a school principal. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The agency reasonably relied on this inconsistency because Gong's explanation – that he did not include his work as a school principal on his written application because a legal assistant instructed him to list only what was contained in his corroborating documents and he did not have documentation of his employment as a school principal – did not address why when he was originally asked about his employment in China he testified that he was a construction worker and did not mention that he was a school principal. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir. 2005) (holding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

4

Given this inconsistency, in conjunction with the IJ's demeanor finding that Gong was hesitant and unresponsive, to which we give "particular deference," and which Gong does not challenge, *see Dong Gao v. B.I.A.*, 482 F.3d 122, 126–27 (2d Cir. 2007), the agency's adverse credibility determination is supported by substantial evidence, *see* 8 U.S.C. § 1158(b)(1)(B)(iii)*; Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).  Thus, the agency properly denied withholding of removal and CAT relief.  *See Majidi*, 430 F.3d at 81–82 (concluding that petitioner failed to establish, *inter alia*, eligibility for withholding of removal because substantial evidence supported the agency's adverse credibility finding)*; Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006) (noting that when the same factual assertions are needed for asylum, withholding of removal, and CAT relief, an adverse credibility finding regarding those assertions forecloses all forms of relief).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is

DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk